**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**OMAR HOLLOWAY,**

                      **Plaintiff,**

                v.                                **1:05-CV-400
(FJS/CFH)**

**PETER ISAACSON,**

                      **Defendant.**

---

**APPEARANCES**                               **OF COUNSEL**

**OMAR HOLLOWAY**
Albany, New York 12201
Plaintiff *pro se*

**REHFUSS, LIGUORI &**                 **JOHN W. LIGUORI, ESQ.**
**ASSOCIATES, P.C.**
40 British American Boulevard
Latham, New York 12110
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      The Court presided over the jury trial of this matter on October 9 and 10, 2012. At the end of the trial, the jury returned a verdict in favor of Defendant. *See* Dkt. No. 136. The Court entered judgment in this matter on October 10, 2012. *See* Dkt. No. 137. On October 29, 2012, the Court received and filed Plaintiff's motion "to overturn jury verdict in favor of Defendant; to rule in favor of pro se Plaintiff." *See* Dkt. No. 139. Defendant opposed this motion. *See* Dkt. No. 140.

## II. DISCUSSION

**A.    Preliminary matters**

In his opposition papers, Defendant asserts that Plaintiff's motion appears to assert two arguments, neither of which has any bearing on the validity of the jury's verdict: (1) his objection to the Court having only submitted the issues of false arrest and excessive force to the jury and (2) some perceived issues or problems with the selection of the jury.  *See* Dkt. No. 140 at 5. Although the Court has not been able to discern how either of these arguments would support the relief that Plaintiff seeks, it will nonetheless address each of them.

With respect to Plaintiff's argument that the Court erred in submitting only his claims of false arrest and excessive force to the jury, the Court finds that this argument has no merit. These were the only two arguably valid claims that Plaintiff had at the time of the trial.  All of the other claims that Plaintiff had asserted during the course of this litigation failed as a matter of law.  Thus, it would have been error for the Court to submit any such claims to the jury for its consideration.  Accordingly, the Court rejects this argument as a basis for any relief that Plaintiff seeks from the judgment.

In addition, although Plaintiff takes issue with the jury selection process and, apparently, with the Court's question to him about his ethnicity, the Court is at a loss to discern the basis for Plaintiff's complaint.  It was Plaintiff's counsel who, at a side bar conference with Plaintiff present, asked the Court to ask the prospective jurors whether they had any ethnic bias against Plaintiff as an African-American.  Although the Court questioned the need for such an inquiry, it granted Plaintiff's request and asked the prospective jurors if they harbored any such bias.  The Court finds no error with its line of questioning of either Plaintiff or the prospective jurors on this

issue and, therefore, rejects this argument as a basis for any relief that Plaintiff seeks from the judgment

**B.     Relief under Rules 50 and 59 of the Federal Rules of Civil Procedure**

It is not entirely clear from his motion papers whether Plaintiff is moving for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure or for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure.[1]  Therefore, the Court will assume that Plaintiff is relying on both Rules for the relief he seeks.

Rule 50 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to judgment." Fed. R. Civ. P. 50(a)(2).  Furthermore, "[i]f the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b).  A party may file a renewed motion for judgment as a matter of law no later than twenty-eight days after the entry of judgment and may include an alternative

---

[1] The Court also notes that, at one point in his motion papers, Plaintiff lists Rules 52 and 60 of the Federal Rules of Civil Procedure and, with respect to Rule 60(b) highlights "(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party" and "(6) any other reason that justifies relief." *See* Dkt. No. 139 at 16.  If Plaintiff is seeking to rely on these rules, in addition to Rule 50 and/or Rule 59, as a basis for his motion, his efforts are unavailing.  First, Rule 52 does not apply because that rule applies only to non-jury trials.  With respect to Rule 60, the Court finds that Plaintiff has not come forward with any evidence that would support a finding that Defendant engaged in any fraud, misrepresentation, or misconduct in this case or that there is any other reason that would justify granting Plaintiff relief from the judgment pursuant to Rule 60.

-3-

or joint request for a new trial under Rule 59. *See id.*

A court may set aside a jury's verdict under Rule 50 "only where there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him." *Miller v. City of Ithaca*, No. 3:10-cv-597, 2012 WL 6680381, *4 (N.D.N.Y. Dec. 21, 2012) (citations omitted). In addressing a Rule 50 motion, "the Court must give deference to all credibility determinations and reasonable inferences of the jury, and may not weigh the credibility of witnesses or otherwise consider the weight of the evidence." *Id.* (citation omitted).

The standard that governs a motion for a new trial under Rule 59 is less stringent. *See id.* (citation omitted). A court may grant a motion for a new trial "when it concludes that the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice." *Id.* (citation omitted). The court, however, must conclude that the verdict is "'against the weight of the evidence.'" *Id.* (quotation omitted). In determining whether to grant a motion for a new trial, "the Court may weigh the evidence, make credibility determinations, and need not view the evidence in the light most favorable to the verdict." *Id.* (citations omitted).

The Court has thoroughly reviewed Plaintiff's voluminous submissions, which include more than twenty pages of argument and statements about this case, other cases, the judges who have presided over this case and other cases, other incidents involving the Albany Police Department and various officials in local, state and federal government as well as more than 150 pages of exhibits, some, if not most, of which have nothing to do with this case.

To the extent that Plaintiff is moving for judgment as a matter of law pursuant to Rule

50,[2] Plaintiff has not come forward with any evidence to demonstrate that there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture or that the evidence was so overwhelmingly in favor of Plaintiff that the jury could not have reached a verdict against him. In fact, the record is to the contrary. The evidence that the parties adduced at trial overwhelming supported the jury's verdict in favor of Defendant and against Plaintiff. Therefore, the Court denies Plaintiff's motion for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure.

Alternatively, to the extent that Plaintiff is moving for a new trial pursuant to Rule 59, Plaintiff has not come forward with any evidence to show that the jury reached a seriously erroneous result or that the verdict was a miscarriage of justice. As the Court has already stated, a review of the evidence that the parties adduced at trial overwhelming supports the jury's verdict. Therefore, the Court denies Plaintiff's motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure.

### III. CONCLUSION

After reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

---

[2] The Court will assume for sake of argument that Plaintiff made a proper motion for judgment as a matter of law before the Court submitted this case to the jury as Rule 50(a) requires.

**ORDERS** that Plaintiff's motion "to overturn jury verdict in favor of Defendant; to rule in favor of pro se Plaintiff" is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 23, 2013
      Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Senior United States District Court Judge