**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**OMAR HOLLOWAY,**

                          **Plaintiff,**

                  **v.**                        **1:05-CV-400
                                                              (FJS/CFH)**

**PETER ISAACSON,**

                          **Defendant.**

---

**APPEARANCES**                                                           **OF COUNSEL**

**OMAR HOLLOWAY**
C/O Joe L. Ivey, Jr.
P.O. Box 222
Albany, New York 12201
Plaintiff *pro se*

**REHFUSS, LIGUORI & ASSOCIATES, P.C.**      **JOHN W. LIGUORI, ESQ.**
40 British American Boulevard
Latham, New York 12110
Attorneys for Defendant

**SCULLIN, Senior Judge**

## ORDER

      The Court presided over the jury trial of this matter on October 9 and 10, 2012. At the end of the trial, the jury returned a verdict in favor of Defendant. *See* Dkt. No. 136. The Court entered judgment in this matter on October 10, 2012. *See* Dkt. No. 137. On October 29, 2012, the Court received and filed Plaintiff's motion "to overturn jury verdict in favor of Defendant; to rule in favor of pro se Plaintiff." *See* Dkt. No. 139. Defendant opposed that motion. *See* Dkt. No. 140.

      On November 13, 2012, Plaintiff filed a Notice of Appeal from this Court's judgment, *see*

Dkt. No. 142, and a motion for leave to appeal *in forma pauperis*, *see* Dkt. No. 143. In an Order dated November 15, 2012, the Court denied Plaintiff's motion for leave to appeal *in forma pauperis*, certifying, pursuant to 28 U.S.C. § 1915(a)(3), "that any appeal from the judgment in this case would not be taken in good faith." *See* Dkt. No. 145 at 2. In a Memorandum-Decision and Order dated January 23, 2013, the Court denied Plaintiff's motion "to overturn jury verdict in favor of Defendant; to rule in favor of pro se Plaintiff." *See* Dkt. No. 147.[1]

In a Mandate issued on May 3, 2013, the Second Circuit Court of Appeals denied Plaintiff's motion for free trial transcripts because he had "not demonstrated that his appeal present[ed] any 'substantial questions' to justify free transcripts under 28 U.S.C. § 753(f)," *see* Dkt. No. 149 at 1 (citations omitted), and dismissed Plaintiff's appeal because it lacked "an arguable basis in law or fact[,]" *see id.* at 2 (citing 28 U.S.C. § 1915(e)) (other citation omitted).

On November 18, 2013, Plaintiff filed a motion to vacate the Court's November 15, 2012 Order, in which the Court had denied his motion for leave to appeal *in forma pauperis*. *See* Dkt. No. 150. On January 23, 2014, Plaintiff filed a second motion to vacate the Court's January 23, 2013 Memorandum-Decision and Order, in which the Court had denied his motion to overturn the jury's verdict in favor of Defendant and to rule in Plaintiff's favor. *See* Dkt. No. 152.[2]

As noted, the Second Circuit has already determined that Plaintiff's appeal from the October 10, 2012 judgment "lacked an arguable basis in law or fact." *See* Dkt. No. 149 at 2

---

[1] Plaintiff did not file either a notice of appeal or an amended notice of appeal from the Court's January 23, 2013 Memorandum-Decision and Order denying his post-trial motion as Rule 4(a)(4)(B)(ii) of the Federal Rules of Appellate Procedure require. *See* Fed. R. App. P. 4(a)(4)(B)(ii).

[2] Although Plaintiff refers to both of his pending motions as motions to "vacate," they are, in fact, motions for reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure.

(citations omitted). If Plaintiff disagreed with the Second Circuit's dismissal of his appeal, his recourse was to file a petition for a writ of certiorari with the United States Supreme Court, not to return to this Court and reargue his case. This Court lacks jurisdiction to entertain these motions.[3]

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion to vacate the Court's order denying his motion for leave to appeal *in forma pauperis*, *see* Dkt. No. 150, is **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion to vacate the Court's order denying his second motion "to overturn jury verdict in favor of Defendant [and] to rule in favor of . . . Plaintiff," *see* Dkt. No. 152, is **DENIED**.

**IT IS SO ORDERED**

Dated: January 29, 2014
　　　　Syracuse, New York

　　　　　　　　　　　　　　　　　　Frederick J. Scullin, Jr.
　　　　　　　　　　　　　　　　　　Senior United States District Court Judge

---

[3] Even if the Court had jurisdiction to entertain these motions for reconsideration of its previous orders, the Court would deny the motions because Plaintiff did not file these motions within a reasonable time and because he did not assert any grounds that would warrant the Court's reconsideration of these orders.